IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GALAN E. LANGLEY**　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #501160**

v.　　　　　　　　　No: 3:24-cv-00138-LPR-PSH

**DEXTER PAYNE**, *et al.*　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

### I. Introduction

Plaintiff Galan E. Langley filed a *pro se* complaint on August 2, 2024, while incarcerated at the Arkansas Division of Correction's North Central Unit (Doc. No. 2). The Court subsequently granted Langley's application to proceed *in forma pauperis* and directed him to file an amended complaint to clarify his claims (Doc. No. 6). Langley filed an amended complaint before receiving the Court's order (Doc. No. 7), and then filed a second amended complaint to comply with the Court's order on August 19, 2024 (Doc. No. 14) (the "Second Amended Complaint"). The Court screened Langley's Second Amended Complaint and directed service on the named defendants with respect to Langley's Eighth Amendment failure-to-protect claims. *See* Doc. Nos. 19, 31 & 54. Langley's Fourteenth Amendment due process claims were dismissed for failure to state a viable claim. *See* Doc. No. 78.

The named defendants include ADC Director Dexter Payne, ADC Deputy Director William Straughn, and a number of ADC employees who worked at the North Central and Grimes Units between 2021 and 2024. *See* Doc. No. 14 at 3-7; Doc. Nos. 24, 31. The defendants have answered (Doc. Nos. 30, 59 & 70), and filed a motion for partial summary judgment on the issue of exhaustion. *See* Doc. No. 101.

Before the Court is Langley's motion to amend his complaint (Doc. No. 85). He attached a proposed amended complaint (Doc. No. 85-1) and filed a declaration in support (Doc. No. 86). Defendants filed a response, objecting to his proposed amendment (Doc. No. 100).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 15(a), once an answer has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, the Court may "properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir. 2003)). Rule 15(d) allows supplemental pleadings that set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

### III.  Langley's Proposed Amended Complaint

The bulk of Langley's proposed amended complaint (Doc. No. 85-1 at 10-18) is identical to his current operative complaint (Doc. No. 14 at 10-18).  He adds new allegations beginning on page 19, describing his transfer to the Cummins Unit on October 15, 2024.  Doc. No. 85-1 at 19-23.  He names the following new defendants: Gary Musselwhite, Robert Pierce, and Jimmy Coleman.  *Id.* at 6-7.  Langley alleges he made them aware of the threats he described in this case, but they forced him into general population anyway, and he was subsequently attacked.  *Id.* at 19 (¶ 27).  He describes other individuals who he alleges failed to protect him there, but does not list them as new defendants.  *Id.* at 1-7, 19 (¶ 28).

Langley adds new claims against defendants Hurst, Straughn, and Payne. Specifically, he alleges that they retaliated against him by transferring him to the Cummins Unit in October 2024.  Doc. No. 85-1 at 19 (¶26), 22 (¶35).  He also alleges that he discovered existing defendant Brandon Christopher failed to add a "known Nazi/Aryan gang member" to his enemy alert list in 2021, and that inmate then attacked him at the Cummins Unit on December 7, 2024.  *Id.* at 19-20 (¶ 29).

### IV.  Analysis

Defendants argue that Langley's motion to amend should be denied because it prejudices them and is futile in any case.  The Court disagrees in part, as explained below.

First, the Court finds that the defendants will not be unduly prejudiced by this amendment. This case is currently just eight months old. This latest amended complaint adds some complexity to this case but Langley's allegations stem from the same set of facts – specifically, that he was labeled a snitch at the Grimes Unit and has been threatened and attacked since then. Although the new allegations arose after Langley filed this case, they may appropriately be added in a supplemental complaint filed under Rule 15(d). And while most of the defendants recently filed a motion for summary judgment on exhaustion (Doc. Nos. 101-103), the claims added in the supplemental complaint will not render that motion moot. Rather, a new deadline on motions for exhaustion may be set *solely* for the *new* claims and defendants described in the latest amended complaint. The motion for summary judgment previously filed will remain pending.

Second, regarding the futility of Langley's proposed amended complaint, the Court DENIES Langley's motion to the extent he seeks to raise any previously dismissed due process claims. *See* Doc. No. 78. Adding those claims now is futile. Langley has not added any new factual allegations pre-dating the filing of this case, and accordingly, his proposed amended complaint does not cure his failure to state a viable Fourteenth Amendment due process claim and those claims are not revived. *See e.g., Mallak v. Aitkin Cnty.*, No. 13-CV-2119 (DWF/LIB), 2014 WL 12701232, at *5 (D. Minn. Oct. 30, 2014); *Granjas Aquanova S.A. de C.V. v. House Mfg. Co.*,

No. 3:07CV00168 BSM, 2010 WL 2243697, at *5–6 (E.D. Ark. June 4, 2010).

The defendants argue that Langley's proposed amended complaint is futile because he could not have exhausted his administrative remedies with respect to his claims that post-date the filing of this lawsuit. The Court disagrees on this point. The Eighth Circuit Court of Appeals has not explicitly ruled on when exhaustion must occur where an amended or supplemental complaint raising new claims has been filed. Other circuits have held that a prisoner may proceed with supplemental claims that post-date the original complaint provided those claims are exhausted before they are added to the case in an amended or supplemental complaint. *See e.g., Garrett v. Wexford Health*, 938 F.3d 69, 87 (3d Cir. 2019) ("[T]here is nothing in the PLRA to indicate that a plaintiff cannot employ Rule 15 to file a supplemental pleading to cure an initial filing defect."); *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017) ("[T]he PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim."); *Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010) ("Congress has never indicated, however, that it intended to do away with Rule 15(d) and supplemental pleadings in PLRA actions."). Whether or not Langley has exhausted the new claims he seeks to add in his proposed amended complaint should be decided once the matter is argued and briefed in a motion for

summary judgment. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007) (holding that exhaustion of administrative remedies is an affirmative defense that must be raised and proven by the defendants, but noting that a Court may dismiss a prisoner's complaint for failure to state a claim if an affirmative defense is apparent on the face of the complaint).

## V. Conclusion

For the reasons described herein, it is therefore ORDERED that:

(1) Langley's motion for leave to amend his complaint is GRANTED in PART and DENIED in PART. It is DENIED to the extent Langley seeks to revive any previously dismissed claims.

(2) The Clerk of Court is directed to docket Langley's proposed amended complaint (Doc. No. 85-1) as his Third Amended Complaint. The Court will direct service on defendants Gary Musselwhite, Robert Pierce, and Jimmy Coleman by separate order; the remaining defendants may answer the supplemental complaint within 21 days of the date of this Order.

(3) Once all defendants have responded to the Third Amended Complaint, the Court will set a deadline for the defendants to file an amended or supplemental motion for summary judgment on the issue of exhaustion. Discovery that is not related to the issue of exhaustion remains stayed until further order.

IT IS SO ORDERED this 22nd  day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE